UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
SCOTT ORTIZ, :
:
                      Plaintiff, :      08 Civ. 62 (TPG)
:
      – against – :      **OPINION**
:
DALE ARTUS, :
:
                      Defendant. :
:
------------------------------------------------x

      Petitioner Scott Ortiz was convicted in Supreme Court, Bronx County of burglary in the third degree (New York Penal Law § 140.20). Petitioner received a discretionary persistent felon sentence of 15 years to life in prison. Petitioner now petitions pursuant to 28 U.S.C. § 2254 to set aside his sentence on the ground that the enhanced sentence was unconstitutional as it was based on factual findings made by the court that were not found by a jury beyond a reasonable doubt, in violation of the Sixth and Fourteenth Amendments, as applied in Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny. The Bronx County District Attorney's office opposes the petition.

      The petition is denied.

## FACTS

      Scott Ortiz has lived a life of crime. Ortiz's criminal record spans over 30 years and includes 50 arrests, five felony convictions, 11 misdemeanor convictions, and two parole violations. The instant petition

arises from Ortiz's most recent conviction on June 29, 2005, for conduct that continues his *modus operandi* of residential burglaries in the Bronx, New York--his fifth conviction for such conduct.

An admitted heroin addict, Ortiz has refused treatment and instead decided to support his addiction by breaking into people's homes, leaving lasting damage that goes well beyond property loss.

Ordinarily under New York Penal Law, a conviction for residential burglary, a "D" felony, combined with Ortiz's status as a second felony offender, would result in a maximum sentence of no more than seven years in prison.  New York Penal Law § 70.06(3).  The State of New York, however, provides for additional enhancement for offenders with at least two prior felony convictions.  Id. § 70.00.  This enhancement caused Ortiz's crime to be treated as an "A-I" felony, for which Ortiz received an indeterminate sentence of 15 years to life in prison.

New York's Persistent Felony Offender ("PFO") statute, which provided for Ortiz's enhancement, involves a two-step process whereby a defendant is first categorized as a "persistent felony offender" "upon proof beyond a reasonable doubt by evidence admissible under the rules applicable to the trial of the issue of guilt," New York Crim. Proc. Law § 400.20(5), that the offender "stands convicted of a felony after having previously been convicted of two or more felonies. . . ."  New York Penal Law § 70.10(1)(a).

Once an offender is so categorized, the judge in the case has the option to impose an A-I felony sentence if "the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest. . . ." Id. § 70.10(2).  The evidence considered by the judge in this second stage "may be established by any relevant evidence, not legally privileged, regardless of admissibility under the exclusionary rules of evidence, and the standard of proof with respect to such matters shall be a preponderance of the evidence." New York Crim. Proc. Law § 400.20(5).  However, and importantly, this second step has been interpreted by the courts of New York as procedural.  In other words, no additional fact-finding is necessary in step two in order to determine whether a defendant is eligible for an enhanced sentence; rather, the purpose of step two is to allow both sides to present evidence in order to inform the judge's discretion as to which sentence to impose within the authorized range.  See People v. Rivera, 5 N.Y.3d 61, 70-71 (2005).

The prosecution moved for such an enhanced sentence, at which time Ortiz challenged the constitutionality of the PFO statute.  Ortiz argued that the statute violated Apprendi and the cases that followed, including Ring v. Arizona, 536 U.S. 584 (2002); and Blakely v. Washington, 542 U.S. 296 (2004).  Ortiz argued that these cases barred any scheme allowing enhancement of a sentence based on facts not

- 3 -

previously found, beyond a reasonable doubt, by the trier of fact at trial. The judge rejected Ortiz's argument, noting that the court was constrained by previous precedent upholding the law by distinguishing New York's sentencing scheme from those struck down by the Supreme Court in the <u>Apprendi</u> line of cases.

A sentencing hearing was held where it was conclusively shown that Ortiz satisfied the requirements for step one and was therefore categorized as a "persistent felony offender." The evidence considered in the second step in the sentencing scheme included details of Ortiz's drug addiction, his extensive criminal history, his poor health, and facts underlying charges for which Ortiz had been acquitted. The judge, taking into account all of this evidence, chose "to exercise [his] discretion and sentence the Defendant as a persistent felony offender . . . to a term of not less than fifteen years, nor more than life imprisonment." Pet'r's App. at A-9.

Following sentencing, Ortiz appealed his sentence on the same constitutional grounds that he put forward at sentencing, namely that New York's persistent felony offender sentencing scheme violates the Sixth and Fourteenth Amendments. This appeal was denied at the intermediate level and leave to appeal to the New York Court of Appeals was rejected.

**DISCUSSION**

When Ortiz filed his petition, the constitutionality of New York's PFO scheme was in doubt.  In fact, after Ortiz's petition had been filed, the Second Circuit ruled the PFO scheme was unconstitutional and that the New York Court of Appeals' rejection of constitutional challenges to the scheme was an unreasonable application of the clearly established law set forth in Apprendi and other cases.  Besser v. Walsh, 601 F.3d 163 (2d Cir. 2010).

However, Besser was reconsidered en banc and vacated.  Because there was a consolidated appeal, the en banc opinion was issued as Portalatin v. Graham, 624 F.3d 69 (2d Cir. 2010), cert denied 131 S. Ct. 1693 (2011).  In Portalatin the Second Circuit held first that the New York Court of Appeals' interpretation of the PFO statute must be respected; in particular the interpretation that the second step of the PFO scheme was merely procedural.  624 F.3d at 89-90.  The Second Circuit went on to hold that when this interpretation is accepted, the New York Court of Appeals' determination that that the second step of the PFO scheme does not involve factual finding in a way that violates the Sixth or Fourteenth Amendments was not an unreasonable application of the Apprendi line of cases.  Id. at 91.

Portalatin is directly on point with the facts presented by Ortiz and therefore this court must reject Ortiz's petition.

## CONCLUSION

Ortiz's § 2254 petition is dismissed.

As Ortiz has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability will not issue. See 28 U.S.C. § 2253(c). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision would not be taken in good faith.

Dated: New York, New York
November 8, 2011

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/8/11